**Ex parte FOO GUEY et al.**

**FOO GUEY et al. v. CARR, District Director of Immigration.**

**No. 6445.**

Circuit Court of Appeals, Ninth Circuit.

Oct. 26, 1931.

You Chung Hong, of Los Angeles, Cal., for appellants.

Samuel W. McNabb, U. S. Atty., and Milo E. Rowell, Asst. U. S. Atty., both of Los Angeles, Cal. (Harry B. Blee, U. S. Immigration Service, of Los Angeles, Cal., on the brief), for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

Foo Fu, claiming to be the father of Foo Guey and Foo Wung, who are denied admission into the United States by the immigration authorities, filed an application for writ of habeas corpus in the United States District Court for the Southern District of California. The writ was issued, and, after hearing on the return, Foo Guey and Foo Wung were remanded to the immigration authorities to be returned to China. Petitioner Foo Fu is a Chinese merchant, domiciled in California, and entitled as such to bring his minor children into the United States. The action of the immigration authorities and of the District Court in remanding the alleged sons is predicated upon the proposition that petitioner and his alleged sons failed to establish the claimed relationship. This conclusion of the immigration authorities is based upon certain discrepancies between the testimony of petitioner upon his own entry into the United States, and subsequently upon the entry of his eldest son, Foo Wai. It is sufficient upon this appeal to state that, in view of the discrepancies in the testimony of the petitioner and his alleged sons with relation to their age and date of birth, we cannot say that the alleged sons were denied a fair hearing or that the action of the immigration authorities was so arbitrary or unreasonable as to justify the interposition of the court. It is true that the alleged father may have been confused as to the order in which his children were born and the date of their birth, and consequently of their exact age, but it does not follow that the action of the immigration authorities was arbitrary in

holding that by reason of these discrepancies he had failed to satisfactorily establish the fundamental facts upon which the entry of his alleged sons depended, namely, their alleged relationship to him. We quote from the decision of the board of review as follows: "The alleged father of these applicants when returning in 1919 from a trip to China on which he is said to have departed in 1906, recorded his three alleged sons as Foo Wai, 11 years old, born February 13, 1910; Foo Wing, 8 years old, born May 9, 1912; and Foo Guey, 5 years old, born October 4, 1914. In June, 1922, when Foo Wai was applying for admission, the alleged father listed his three sons as follows: Foo Wai, 14 years old, born January 25, 1909; Foo Guey, 12 years old, born March 12, 1910; and Foo Wung, 8 years old, born June 20, 1914. The birthdates claimed by these applicants are for Foo Guey, March 20, 1912, and for Foo Wung, June 27, 1916. Thus the prior mention of his alleged sons by the applicants' alleged father is not consistent with present statements as to the order and dates of births given by and for these applicants."

The statements contained in this portion of the decision of the board of review are sustained by the record, and require the affirmance of the order appealed from.

Other important discrepancies in reference to the conflict are referred to by the board of review and by the board of special inquiry at San Pedro, but we feel it is unnecessary to call attention to these discrepancies, although they tend to support the inference that the petitioner is not the father of the alleged sons.

Order affirmed.